IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JERRY D. PLOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 4:20-cv-00275-LSC |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

### I.   Introduction

The plaintiff, Jerry Dewayne Plott ("Plott"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income ("SSI"). Plott timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. § 405(g), 1383(c)(3).

Plott was 52 years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he attended school through the tenth grade (Tr. 40, 174.) His past work experience includes employment as a concrete form setter, carpenter, carpenter labor supervisor, manufacturing building repairer, cook,

industrial cleaner, and quality control technician. (Tr. 17-18.) Plott claims that he became disabled on April 13, 2017, due to back degenerative disc disease, left shoulder degenerative joint disease, and COPD. (Tr. 12.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's physical and mental medically determinable impairments ("MDI"). *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.* If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e).

The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *Id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Plott has not engaged in SGA since April 13, 2017—the alleged onset date of his disability. (Tr. 12.) Next, the ALJ found that Plott has the following MDI: back degenerative disc disease, left shoulder degenerative joint disease, and COPD. (*Id.*) However, the ALJ found that Plott "does not have an impairment or combination of impairments that meets or medically equals the severity" of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that Plott has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with occasional climbing of ramps or stairs; no climbing of ladders ropes or scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; no overhead reaching with his left non-dominant arm; he must avoid concentrated exposure to hazards such as open flames, unprotected heights and dangerous moving machinery; and he must avoid even moderate exposure to extreme

temperatures, wetness, humidity, dust, odors, gases, fumes and other pulmonary irritants.

(Tr. 15.)

According to the ALJ, Plott is unable to perform any of his past relevant work. (Tr. 17.) The ALJ also determined that Plott was "an individual closely approaching advanced age," has a limited education, and is able to speak in English, as those terms are defined by the regulations. (*Id.*) The ALJ determined that the "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (Tr. 18.); *see also* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2. Because Plott cannot perform the full range of light work, the ALJ enlisted a vocational expert and used Medical Vocational Rules as a guideline for finding that there are jobs in the national economy with a significant number of positions that Plott is capable of performing, such as a ticket seller and office helper. (Tr. 18-19.) The ALJ concluded his findings by stating that Plott "has not been under a disability, as defined in the Social Security Act, from April 13, 2017, through the date of this decision." (Tr. 19)

## II.     Standard of Review

This court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

### III. Discussion

Plott argues that the ALJ did not properly apply the Eleventh Circuit's "Pain Standard."

A plaintiff's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1986) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). However, subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (citations

7

omitted). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social Security Ruling 16-3p, 82 Fed. Reg. 49,463 n. 3 (Oct. 25 2017); *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of a plaintiff's alleged symptoms and their effects on his ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Wilson*, 284 F.3d at 1225-26. In evaluating the extent to which the plaintiff's symptoms, such as pain, affect his capacity to perform basic work activities, the ALJ will consider (1) objective medical evidence, (2) the nature of the plaintiff's symptoms, (3) the plaintiff's daily activities, (4) precipitating and aggravating factors, (5) the effectiveness of medication, (6) treatment sought for relief of symptoms, (7) any measures the plaintiff takes to relieve symptoms, and (8) any conflicts between a plaintiff's statements and the rest of evidence. *See* 20 C.F.R. §§ 404.1529(c)(2),

(3), (4), 416.929(c)(2), (3), (4); SSR 16-3p, 82 Fed. Reg. 49,463 n.3. In order to discredit a plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548-49 (11th Cir. 1985) (citation omitted), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence. *See Dyer*, 395 F.3d at 1210. However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. "The question is not…whether [the] ALJ could have reasonably credited [the plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App's 935, 939 (11th Cir. 2011).

The ALJ began his analysis of Plott's alleged pain by explicitly acknowledging the Eleventh Circuit's pain standard:

> I must follow a two-step process in which it must first be determined whether there is an underlying medically determinable physical or mental impairment(s)…that could reasonably be expected to produce the claimant's pain or other symptoms.

9

> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, I must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms…

(Tr. 15).

In applying the standard, the ALJ was satisfied that Plott's MDIs could reasonably be expected to cause his alleged symptoms, thereby completing the first step. (Tr. 16.) As for the second step, however, the ALJ found that Plott's statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical evidence of record. (*Id.*)

Substantial evidence supports this determination. The ALJ specifically noted Plaintiff's treatment records and objective medical findings. (Tr. 15–17.)

On May 17, 2017, Plott presented to Tennessee Valley Pain Consultants, who diagnosed him with degeneration of the lumbosacral intervertebral disc and gave him an injection in the neck. (Tr. 16). Plott returned to Tennessee Valley Pain Consultants on June 9, 2017 due to lumbar spondylosis and back pain. (*Id.*) He received a lumbosacral facet injection under fluoroscopic guidance, which he tolerated "well without difficulty." (*Id.*)

On November 1, 2017, Plott received an MRI that showed severe right-sided foraminal stenosis in the cervical spine, and a moderate central disc protrusion in the lumbar spine. (*Id.*) Also in the lumbar spine, Plott had mild to moderate spinal

stenosis, bilateral neural foraminal stenosis, and bilateral neural foraminal narrowing, as well as mild spinal stenosis and facet arthrosis. (*Id.*) As for Plott's left shoulder, the MRI showed mild to moderate supraspinatus and infraspinatus tendinitis, a probable labral tear, and advanced degenerative hypertrophy and arthritis in his acromioclavicular joint. (*Id.*)

However, on March 6, 2018, Plott presented to Go Medical Group where he reported that his moderate to severe chronic pain was "adequately controlled" by his prescribed opioid pain medications. (*Id.*) He had also seen improvement in his lumbar stenosis, cervical spondylosis, and tendonitis bursitis in his shoulder and AC joint. (*Id.*) Plott had a positive straight leg raise test and multiple trigger points and tender points, including paraspinal tenderness in his lumbar spine. (*Id.*) Nonetheless, he reported being able to do work around the house and did not appear to have any anxiety or delusions. (*Id.*)

On May 17, 2018, Plott received a pulmonary function test which indicated a "moderate obstructive pattern without significant improvement" after his bronchodilator treatment. (Tr. 17.) There was also a "fixed extra thoracic airway obstruction," and differential diagnoses included bronchiolitis, emphysema, cystic fibrosis, interstitial lung disease, lumphangioleiomyomatosis sarcoidosis, and tracheal stenosis. (*Id.*)

11

In August 2018, Plott returned to Go Medical Group where he reported that his moderate to severe chronic pain was still adequately controlled with his current prescribed opioid pain medications. (*Id.*) In December 2018, however, Plott reported that his pain was no longer adequately controlled with that dosage, though he did continue taking it. (*Id.*) Plott was also told that he might benefit from joint injections, physical therapy, and stretching exercises, but there is no evidence in the record that he received any of these treatments after August 2018. (*Id.*)

Krishna Reddy, M.D., the state agency medical consultant, also reviewed Plott's medical records. (*Id.*) She found that he could perform light work "with occasionally climbing ramps or stairs, never climbing ladders, ropes or scaffolds, occasionally balancing, stooping, kneeling, crouching and crawling," and must also avoid concentrated exposure to hazards. (*Id.*) The ALJ gave only partial weight to the opinion of Dr. Reddy finding that Plott was more limited based on his review of the record. (Tr. 17.) *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), 416.945(a)(3), 416.946(c); *Moore*, 649 F. App'x at 945; *see also, e.g., Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013). However, the opinion of Dr. Reddy provides further evidence to support the ALJ's evaluation of Plaintiff's subjective complaints of disabling symptoms. *See* 20 C.F.R. §§ 404.1569(c)(3), 416.929(c)(3); SSR 16-3p, 82 Fed. Reg. at 49,465.

Plott's own testimony also demonstrates that his condition is not as limiting as he claims. Although not dispositive, a claimant's activities may show that his symptoms are not as limiting as he alleged. See 20 C.F.R. §§ 404.1569(c)(3)(i), 416.929(c)(3)(i); SSR 16-3p, 82 Fed. Reg. at 49,465; *Dyer*, 395 F.3d at 1210; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016). Plott's testimony indicates that he is able to drive, sit, stand, walk, communicate with others, go shopping, and manage his personal finances. (Tr. 15.) The physical and mental demands of these activities are approximately equal to those of the "light work" occupations—ticket seller and office helper—that the vocational expert recommended for him. (Tr. 19.) Overall, there was substantial evidence in the record from which the ALJ could draw the conclusion that Plott's subjective symptoms were not entirely consistent with the medical evidence. (Tr. 15–17).

The ALJ adequately explained these reasons for discrediting his subjective testimony as to the limiting effects of his pain, as is required by this Circuit's precedents. *See Edwards*, 284 F.3d at 1225; *see also Chater*, 67 F.3d at 1562. The ALJ explained that Plott's testimony is "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 16.) It is this inconsistency between Plott's claimed total disability

13

on one hand, and the objective medical evidence and evidence of his daily activities on the other that justifies the ALJ discrediting his testimony. This explanation is adequate under the Eleventh Circuit's standards.

## IV. Conclusion

Upon review of the administrative record, and considering Plott's argument, this Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on August 10, 2021.

_____
L. Scott Coogler
United States District Judge

203171